## DeNatali v. DeMedio

*William L. O'Hey, Jr.*, for plaintiff.

*Wisler, Pearlstine & Talone*, for defendant.

FORREST, J., March 30, 1959.—This is an action by the mother and guardian of an incompetent against the husband of the incompetent for necessaries al-

legedly paid for by plaintiff because defendant refused to do so, no order of support having been entered at such time. Defendant's preliminary objections in the nature of a motion for more specific complaint were sustained. An amended complaint has been filed, in which plaintiff alleges that between April 3, 1955, and September 24, 1957, she made expenditures as follows for the support and maintenance of the incompetent:

"(a)  Laundry —
     White Eagle Laundry                         $240.00
"(b)  Clothing —
     Jordan Marsh Co.        $250.00
     Filene's                 200.00
     Gilchrist's              100.00
     Best & Co.                50.00
     Bonwit Teller            100.00    700.00

"(c)  Transportation — Taxicabs, busses and street cars to and from doctors and hospitals                                  160.00
"(d)  Entertainment — Movies, concerts and other social functions                    200.00
"(e)  Contributions — St. Margaret's Roman Catholic Church                            150.00
"(f)  Dental expenses — Dr. Frances J. Cannon                                         250.00
"(g)  Medical expenses — Dr. Max Goldman          $440.00
     Bournewood Hospital
     8/21/55 to 8/30/55       373.95
     6/3/56 to 6/19/56        200.00
     Drugs and medicines, including
     tranquilizers and barbiturates
     from various drug stores  600.00   1613.95

                                          3063.95."

Defendant has moved for a more specific amended complaint. His specific objections to the above quoted items (a) to (g) of the amended complaint are the omissions of: (a) Individual dates and amounts; (b) individual purchases, types of clothing and dates; (c) dates, places and number of trips; (d) dates, places and types of social functions; (e) dates and amounts of contributions; (f) and (g) dates, amounts and types of treatment.

If this were an action by a department store for merchandise sold and delivered or by a doctor or dentist for services rendered, we would require the claim to show the items sold and the dates of sales or services. A third person who has paid such bills in a capacity other than as a volunteer and who sues the party principally liable steps into the shoes of the merchant or physician as respects pleading and proof of his or her case. Plaintiff or anyone in like position at the very least should furnish detailed records of expenditures for which he intends to obtain reimbursement from another, so as to enable defendant to prepare his answer and to prepare for the trial of the case.

And now, March 30, 1959, the preliminary objections are sustained. Plaintiff is allowed 60 days from the date hereof within which to file a second amended complaint. Exception to plaintiff.